UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DIOMED, INC.,                                )
                                             )
                    Plaintiff,               )
                                             )
            and                              )
                                             )        C. A. No. 04-CV-12157-RGS
NEW STAR LASERS, INC. D/B/A COOL )
TOUCH, INC.,                                 )
                                             )
                    Defendant.               )
                                             )

## DEFENDANT NEW STAR LASERS, INC.'S ANSWER TO COMPLAINT, COUNTERCLAIMS FOR DECLARATORY JUDGMENT AND DEMAND FOR JURY TRIAL

Defendant New Star Lasers, Inc. ("New Star Lasers"), by its attorneys, answers the complaint of Diomed, Inc. ("plaintiff") for itself and no others as follows:

### The Parties

1.      New Star Lasers has no information or belief sufficient to enable it to answer the allegations of paragraph 1 and, basing its denial on that ground, denies generally and specifically each and every allegation.

2.      New Star Lasers admits that it is a corporation organized and existing under the laws of the State of California, with its principal place of business at 9085 Foothills Blvd., Roseville, California 95747.

3.      New Star Lasers has no information or belief sufficient to enable it to answer the allegations of paragraph 3 and, basing its denial on that ground, denies generally and specifically each and every allegation.

4.      New Star Lasers has no information or belief sufficient to enable it to answer the

allegations of paragraph 4 and, basing its denial on that ground, denies generally and specifically each and every allegation.

5.    New Star Lasers has no information or belief sufficient to enable it to answer the allegations of paragraph 5 and, basing its denial on that ground, denies generally and specifically each and every allegation.

6.    New Star Lasers has no information or belief sufficient to enable it to answer the allegations of paragraph 6 and, basing its denial on that ground, denies generally and specifically each and every allegation.

7.    New Star Lasers has no information or belief sufficient to enable it to answer the allegations of paragraph 7 and, basing its denial on that ground, denies generally and specifically each and every allegation.

8.    New Star Lasers has no information or belief sufficient to enable it to answer the allegations of paragraph 8 and, basing its denial on that ground, denies generally and specifically each and every allegation.

9.    New Star Lasers has no information or belief sufficient to enable it to answer the allegations of paragraph 9 and, basing its denial on that ground, denies generally and specifically each and every allegation.

10.    New Star Lasers has no information or belief sufficient to enable it to answer the allegations of paragraph 10 and, basing its denial on that ground, denies generally and specifically each and every allegation.

11.    New Star Lasers has no information or belief sufficient to enable it to answer the allegations of paragraph 11 and, basing its denial on that ground, denies generally and specifically each and every allegation.

12.     New Star Lasers has no information or belief sufficient to enable it to answer the allegations of paragraph 12 and, basing its denial on that ground, denies generally and specifically each and every allegation.

13.     New Star Lasers has no information or belief sufficient to enable it to answer the allegations of paragraph 13 and, basing its denial on that ground, denies generally and specifically each and every allegation.

14.     New Star Lasers admits that it competes in the market for minimally invasive endovascular laser treatments.  New Star Lasers denies generally and specifically all other allegations of paragraph 14.

### Jurisdiction and Venue

15.     New Star Lasers admits only that plaintiff alleges a claim for patent infringement, which arises under Title 35 of the Untied States Code.

16.     New Star Lasers admits the allegations of paragraph 16.

17.     New Star Lasers denies generally and specifically each and every allegation of paragraph 17.

18.     New Star Lasers denies that venue is proper in this District as alleged in paragraph 18.

### COUNT ONE
### (Infringement of U.S. Patent No. 6,398,777)

19.     New Star Lasers repeats and incorporates by reference the allegations of paragraphs 1 through 18 above as if fully set forth herein.

20.     New Star Lasers has no information or belief sufficient to enable it to answer the allegations of paragraph 20 and, basing its denial on that ground, denies generally and specifically each and every allegation.

- 3 -

21.    New Star Lasers admits the allegations of paragraph 21.

22.    New Star Lasers admits the allegations of paragraph 22.

23.    New Star Lasers denies generally and specifically each and every allegation of paragraph 23.

24.    New Star Lasers denies generally and specifically each and every allegation of paragraph 24.

25.    New Star Lasers denies generally and specifically each and every allegation of paragraph 25.

26.    New Star Lasers denies generally and specifically each and every allegation of paragraph 26.

27.    New Star Lasers denies generally and specifically each and every allegation of paragraph 27.

## AFFIRMATIVE DEFENSES

### First Defense

The complaint, and each purported claim for relief contained therein, fails to state a claim upon which relief can be granted.

### Second Defense

The '777 patent is invalid for lack of novelty under 35 U.S.C. section 102.

### Third Defense

The '777 patent is invalid for obviousness under 35 U.S.C. section 103.

### Fourth Defense

The '777 patent is invalid for failure to satisfy the requirements of 35 U.S.C. section 112.

### Fifth Defense

The '777 patent is invalid for failure to satisfy the requirements under 35 U.S.C. sections 101, *et seq.*

### Sixth Defense

Plaintiff's claims are barred because the '777 patent is invalid or unenforceable because New Star Lasers is informed and believes that plaintiff and/or its predecessors and/or the inventors breached their duty of candor to the United States Patent and Trademark Office, committed inequitable conduct, and/or committed fraud on the Patent and Trademark Office.

### Seventh Defense

The '777 patent is unenforceable against New Star Lasers because New Star Lasers is informed and believes that the conduct of plaintiff and/or its predecessors and/or the inventors, in connection with plaintiff's allegations of patent infringement, constitutes patent misuse.

### Eight Defense

New Star Lasers does not infringe, and has not infringed (either directly, contributorily, or by inducement), any valid claim of the '777 patent.

### Ninth Defense

Plaintiff has failed to state a claim upon which it can recover attorneys' fees, treble damages, or costs.

### Tenth Defense

By reason of plaintiff's conduct, plaintiff has waived its right to assert each and all of the claims alleged in the complaint.

### Eleventh Defense

By reason of plaintiff's conduct, plaintiff is estopped to assert each and all of the claims alleged in the complaint.

**Twelfth Defense**

By reason of plaintiff's acts and conduct in the matters which are the subject of the complaint, plaintiff is barred from obtaining the relief sought in the complaint, or any other relief whatsoever, by virtue of the doctrine of unclean hands.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

Counterclaimant New Star Lasers, Inc. dba CoolTouch, Inc. ("New Star Lasers") alleges as follows:

1.      This is a counterclaim for declaratory judgment which arises from an actual and existing controversy between counterclaimant New Star Lasers and counterdefendant Diomed, Inc. ("Diomed"). This Court has jurisdiction under 28 U.S.C. sections 2201 and 2202, and under 28 U.S.C. section 1338(a).

2.      New Star Lasers is a corporation organized and existing under the laws of the State of California and has a principal place of business in Roseville, California.

3.      Diomed asserts in its complaint that it is a corporation organized under the laws of Delaware and has a principal place of business in Andover, Massachusetts.

4.      Diomed asserts in its complaint that it is the owner of United States Patent No. 6,398,777 ("the '777 patent").

5.      Diomed has charged New Star Lasers with infringement of the '777 patent.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment of Noninfringement Against Diomed)

6.      New Star Lasers repeats and incorporates by reference the allegations of paragraphs 1 through 5 above as if fully set forth herein.

7.      New Star Lasers disputes Diomed's allegations of infringement and denies that its products or activities infringe any of the claims of the '777 patent. New Star Lasers does not

literally infringe the '777 patent nor does it infringe the '777 patent under the doctrine of equivalents. New Star Lasers is not engaging in contributory infringement nor is it inducing infringement.

8.      New Star Lasers is informed and believes, and based thereon alleges, that it is not liable for any alleged infringement because Diomed has so misused the '777 patent as to render it unenforceable.

9.      By virtue of the allegations of Diomed, and New Star Laser's denial of those allegations, an actual controversy has arisen and now exists between New Star Lasers and Diomed as to whether New Star Lasers infringes the '777 patent.

10.     New Star Lasers requests a judicial determination that it does not infringe the '777 patent. Such a declaratory judgment is necessary and appropriate at this time in order to determine the rights and legal relations of the parties, pursuant to 28 U.S.C. Section 2201.

## SECOND CLAIM FOR RELIEF
### (Declaratory Judgment of Invalidity Against Diomed)

11.     New Star Lasers repeats and incorporates by reference the allegations of paragraphs 1 through 10 above as if fully set forth herein.

12.     The '777 patent is invalid for failure to satisfy the requirements of 35 U.S.C. sections 101 *et seq.*, including, without limitation, sections 102, 103, and/or 112, in that, among others, the patent discloses an invention that is not novel, is obvious to a person having ordinary skill in the art, and/or fails to satisfy the requirements of section 112.

13.     New Star Lasers is informed and believes, and based thereon alleges, that Diomed disputes that the '777 patent is invalid.

14.     By virtue of the above facts, an actual controversy has arisen and now exists between New Star Lasers and Diomed as to whether the '777 patent is invalid.

15.    New Star Lasers requests a judicial determination that the '777 patent is invalid. Such a declaratory judgment is necessary and appropriate at this time in order to determine the rights and legal relations of the parties, pursuant to 28 U.S.C. section 2201.

WHEREFORE, New Star Lasers prays that the Court enter judgment in its favor against Diomed on the complaint and counterclaims, declaring that:

1.    New Star Lasers does not infringe the '777 patent;

2.    the '777 patent is invalid and/or unenforceable;

3.    Diomed take nothing from New Star Lasers by reason of its complaint;

4.    Diomed be denied any injunctive relief;

6.    New Star Lasers recover its reasonable costs and attorneys' fees; and

7.    the Court grant such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

New Star Lasers and counterclaimant New Star Lasers, Inc. hereby demands a trial by jury on all issues so triable.

NEW STAR LASERS, INC., d/b/a COOL
TOUCH, INC.
By its attorneys,

*WA Zuc*

William A. Zucker, BBO # 541240
wzucker@ghlaw.com
Gadsby Hannah LLP
225 Franklin Street
Boston, MA  02110
(617) 345-7000

Of Counsel:
Dale C. Campbell
dcampbell@weintraub.com
Audrey A. Millemann
amillemann@weintraub.com
Weintraub Genshlea Chediak Sproul
400 Capitol Mall, 11th Floor
Sacramento, CA  95814
(916) 558-6000

December 3 2004

## CERTIFICATE OF SERVICE
I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/ ~~by hand~~/electronically.

Date: December 3, 2004    *WA Zuc*