IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIOMED, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>NEW STAR LASERS, INC.<br>d/b/a COOLTOUCH INC.<br><br>    Defendant. | Civil Action No. 04-12157 RGS |

### JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), the parties in the above-captioned action move the Court to enter the attached Stipulated Protective Order. Entry of the Protective Order will facilitate discovery.

Respectfully submitted,

/s/ Michael A. Albert
Michael A. Albert (BBO #558566)
malbert@wolfgreenfield.com
Michael N. Rader (BBO #646990)
mrader@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
Tel: (617) 646-8000
Fax: (617) 720-2441

COUNSEL FOR PLAINTIFF

/s/ Audrey A. Millemann
Audrey A. Millemann (admitted *pro hac vice*)
amillemann@weintraub.com
Dale C. Campbell (admitted *pro hac vice*)
Weintraub Genshlea Chediak Sproul
400 Capitol Mall, Eleventh Floor
Sacramento, CA 95814
(916) 558-6033

William A. Zucker (BBO # 541240)
wzucker@ghlaw.com
Gadsby Hannah LLP
225 Franklin Street
Boston, MA 02210
(617) 345-7000

COUNSEL FOR DEFENDANT

Dated: April 14, 2005

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIOMED, INC.,<br><br>  Plaintiff,<br><br>v.<br><br>NEW STAR LASERS, INC.<br>d/b/a COOLTOUCH INC.<br><br>  Defendant. | Civil Action No. 04-12157 RGS |

## STIPULATED PROTECTIVE ORDER

The parties anticipate that discovery in this case will involve the disclosure of confidential information, and therefore agree to the following Protective Order under Rule 26 of the Federal Rules of Civil Procedure.

  1.  Designation of Confidential Material.

    (a)  General.  Any documents, materials, tangible things, items, testimony or other information filed with the Court, or produced or provided by any party in connection with this litigation ("Producing Party" or "Designating Party") to another party ("Receiving Party"), may be designated as "Confidential" or "Confidential – Attorneys' Eyes Only."  All such information and material derived from it constitutes "Designated Material" under this Protective Order.  As a general guideline, Designated Material shall be so designated for the purposes of avoiding invasion of privacy or protecting proprietary information, confidential business or financial information, trade secrets, personal or financial affairs.  A Designating Party may designate information "Confidential – Attorneys' Eyes Only" when the information is particularly sensitive because it relates to trade secrets, technical information, technical practices

or methods, present or future marketing plans, product data or projections, financial data, business strategy, or agreements and relationships with third parties.

(b)   <u>Designation Procedure</u>.  A party wishing to invoke the provisions of this Protective Order shall designate the documents, materials, items or information, or portions thereof, at the time such information is disclosed, or when the party seeking protection becomes aware of the nature of the information disclosed and sought to be protected.  Designation shall be made by marking or stamping the documents, materials, items or information "Confidential" or "Confidential – Attorneys' Eyes Only" on all pages (or, if applicable, paragraphs).  In the case of information stored on electronic media, the items produced shall be marked or stamped on the media if possible.  In the case of information produced for inspection, but not yet provided to the inspecting party, such information shall presumptively be deemed "Confidential – Attorneys' Eyes Only," regardless of whether so identified, until copies thereof are produced to the inspecting party.

(c)   <u>Designation Procedure For Deposition Testimony</u>.  With respect to deposition testimony, the witness under deposition, or his/her counsel, or any counsel representing any person at the deposition, shall invoke the provisions of this Protective Order in a timely manner, giving adequate warning to all persons present that testimony about to be given or solicited is "Confidential" or "Confidential – Attorneys' Eyes Only."  The provisions of this paragraph may be invoked with respect to the witness's entire deposition, or any portion thereof, at any time during the deposition.  Counsel attending a deposition who inadvertently fails to designate any portion of the deposition transcript pursuant to this Protective Order on the record at the deposition shall have thirty (30) days following mailing of the transcript by the court reporter in which to correct the failure.  Notice of such correction shall be made in writing to the

reporter, with copies to all other counsel of record, designating the portion(s) of the transcript that contain confidential information, and directing that such portion(s) of the transcript be marked accordingly. Until such thirty (30) days after mailing of the transcript by the court reporter has passed, the entire transcript shall be treated as "Confidential – Attorneys' Eyes Only."

    2.    <u>Use of Designated Material</u>. Absent a specific order by this Court, Designated Material shall be used by a Receiving Party solely for purposes of this litigation, and not for any other litigation, business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided under this Protective Order; provided, however, Designated Material may be used by the Receiving Party in other litigation involving U.S. Patent No. 6,398,777 if, at least 10 days before such use, the Receiving Party specifically identifies each of the Designated Materials it desires to use and the person(s) to whom it intends to disclose the Designated Material. Within such 10 days the Producing Party may specifically object to the Receiving Party's proposed use of the Designated Material (the "Objected Materials"). If the parties cannot resolve their dispute over the Objected Materials, the Producing Party, within 5 business days of such objection, may seek an appropriate order from the Court protecting against the proposed disclosure. Until the Court rules on the matter, no disclosure of the Objected Materials shall be made. To any Designated Material for which the Producing Party does not specifically object, the party shall be entitled to use the material as specified.

    3.    <u>Access to Material Designated "Confidential."</u> Material designated "Confidential" under this Protective Order, and copies, extracts, compilations, summaries and other materials that include or reflect such Designated Material, may not be provided to any third

party.  Material designated "Confidential" may be submitted to the Court only if submitted under seal in accordance with Paragraph 7 below.

4. <u>Access to Material Designated "Confidential – Attorneys' Eyes Only."</u>  Material designated "Confidential – Attorneys' Eyes Only" under this Protective Order, and copies, extracts, compilations, summaries, and other materials that include or reflect such Designated Material, may be given, shown, made available, or communicated in any way only to:

(a) outside litigation attorneys for the parties who are attorneys of record in this case and their staffs;

(b) outside litigation attorneys for the parties who are attorneys of record in other cases involving U.S. Patent No. 6,398,777, and their staffs, with the limitations provided in paragraph 2;

(c) qualified persons taking testimony involving "Confidential – Attorneys' Eyes Only" information, and necessary stenographic and clerical personnel thereof;

(d) independent consultants or experts and their staffs, if cleared by the parties pursuant to Paragraph 5 of this Protective Order; and

(e) the Court and its staff.

5. <u>Clearance Procedure for Consultants and Experts</u>.  Designated Material may be provided to an independent consultant or expert as described in Paragraph 4(c) only after ten (10) business days following written notice to the Designating Party of the proposed disclosure to the consultant or expert.  With the written notice shall be included a fully executed copy of the Acknowledgement attached hereto as Exhibit A, completed by the consultant or expert.  If the Designating Party objects, in writing, to disclosure of Designated Material to the consultant or expert within the ten (10) day period, no disclosure of Designated Material may be made to the

consultant or expert.  If the parties cannot resolve the issue, the party objecting to the proposed disclosure may thereupon seek an appropriate order from the Court disqualifying the consultant or expert or protecting against the proposed disclosure to the consultant or expert.  Until the Court rules on the matter, no disclosure of Designated Material to the consultant or expert shall be made.

6. <u>Treatment of Designated Material</u>.  Copies of Designated Material may only be made where reasonably necessary to prepare work product or conduct proceedings in this litigation.  Material designated "Confidential – Attorneys' Eyes Only" or copies thereof may not be stored or viewed at a non-designating party's business location, except to the extent provided in the subparagraphs below.  Such information may be stored or viewed only at:

(a) the physical offices of outside attorneys of record in this litigation;

(b) the physical offices of consultants or experts cleared under Paragraph 5 of this Protective Order;

(c) the site where any deposition relating to the information is taken;

(d) the Court; or

(e) any intermediate location reasonably necessary to transport the information (*e.g.*, a hotel prior to a deposition).

7. <u>Filing of Designated Material with the Court</u>.  Where filed with the Court (as pleadings or evidence), Designated Material shall be delivered sealed to the Clerk of the Court and shall not be available to public inspection.  Envelopes or containers used to seal such documents shall bear the notation, "THIS DOCUMENT CONTAINS CONFIDENTIAL INFORMATION AND IS BEING SUBMITTED UNDER SEAL PURSUANT TO A PROTECTIVE ORDER" and shall state the party or person who designated any confidential

information that the document contains.  Where appropriate, the envelope or container shall bear the additional notation, "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  No such sealed envelope or container shall be provided to any individual not otherwise permitted to view the relevant Designated Material under this Protective Order.

8. <u>Errors in Designation</u>.  A Producing Party that inadvertently fails to designate an item pursuant to this Protective Order at the time of the production shall make a correction promptly after becoming aware of such error.  Such correction and notice thereof shall be made in writing accompanied by substitute copies of each item, appropriately designated.  Those individuals who reviewed the documents or information prior to notice of the failure to designate by the Producing Party shall, to the extent reasonably feasible, return to the Producing Party or destroy all copies of such undesignated documents and shall honor the provisions of this Protective Order with respect to the use and disclosure of any confidential information contained in the undesignated documents, from and after the date of designation.

9. <u>Improper Disclosure</u>.  If information designated pursuant to this Protective Order is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for this disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Designating Party, without prejudice to other rights and remedies of the Designating Party, and shall make every effort to prevent further improper disclosure.

10. <u>Objections to Designations</u>.  If at any time during the pendency of this litigation any party claims that information is not appropriately designated (the "Objecting Party"), the Objecting Party may serve a captioned notice of objection on the Designating Party.  Within ten (10) calendar days of receiving such notice, the Designating Party shall respond in writing.  If the

Designating Party and the Objecting Party cannot resolve the dispute by informal conference, the Objecting Party may move for an order from the Court for re-designation within ten (10) calendar days from service of the Designating Party's written response. The original designation shall remain effective until three (3) days after the Court's entry of an order re-designating the materials.

11.     Use of Designated Material at Trial.  If a party seeks to introduce Designated Material into evidence at trial, that party shall promptly inform the Court of the confidential nature of the information and request that only the jury, Court personnel, and those persons permitted access to such information under this Protective Order be present in the courtroom during the presentation of such evidence.  The designation of trial transcripts shall be handled in the same manner as deposition transcripts unless the Court sets a different procedure for trial.

12.     Inadmissibility of Designation.  Unless the parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose, nor shall the designation or acceptance of any information designated pursuant to this Protective Order constitute an admission or acknowledgement that the material so designated is in fact proprietary, confidential or a trade secret.

13.     Inadvertent Production.  Counsel shall make their best efforts to identify materials protected by the attorney-client privilege or the work product doctrine prior to the disclosure of any such materials.  The inadvertent production of any document or thing shall be without prejudice to any claim that such material is protected by the attorney-client privilege or protected from discovery as work product and no Producing Party shall be held to have waived any rights thereunder by inadvertent production.  If a Producing Party discovers that materials protected by the attorney-client privilege or work product doctrine have been inadvertently produced, counsel

for the Producing Party shall promptly give written notice to counsel for the Receiving Party. The Receiving Party shall take prompt steps to ensure that all known copies of such material are returned to the Producing Party. The Receiving Party may afterward contest such claims of privilege or work product as if the materials had not been produced, but shall not assert that a waiver occurred as a result of the production.

      14.    <u>Final Disposition of Designated Material</u>. Upon termination of this litigation following settlement or final judgment (including exhaustion of all appeals), the originals and all copies of Designated Material shall be either destroyed or turned over to the Producing Party, or to its counsel, within sixty (60) days. However, attorneys of record may retain pleadings, attorney and consultant work product, and depositions (with exhibits) for archival purposes. If Designated Material is destroyed pursuant to this Paragraph, counsel shall provide to opposing counsel a certification identifying when and how the destruction was performed.

      15.    <u>Survival</u>. The terms of this Protective Order shall survive termination of this litigation.

Respectfully submitted,

| | |
|---|---|
| _____/s/ Michael A. Albert_____ | _____/s/ Audrey A. Millemann_____ |
| Michael A. Albert (BBO #558566) | Audrey A. Millemann (admitted *pro hac vice*) |
| malbert@wolfgreenfield.com | amillemann@weintraub.com |
| Michael N. Rader (BBO #646990) | Dale C. Campbell (admitted *pro hac vice*) |
| mrader@wolfgreenfield.com | Weintraub Genshlea Chediak Sproul |
| WOLF, GREENFIELD & SACKS, P.C. | 400 Capitol Mall, Eleventh Floor |
| 600 Atlantic Avenue | Sacramento, CA 95814 |
| Boston, MA 02210 | (916) 558-6033 |
| (617) 646-8000 | |
| | William A. Zucker (BBO # 541240) |
| COUNSEL FOR PLAINTIFF | wzucker@ghlaw.com |
| | Gadsby Hannah LLP |
| | 225 Franklin Street |
| | Boston, MA 02210 |
| | (617) 345-7000 |
| | |
| | COUNSEL FOR DEFENDANT |

Dated: <u>April 14, 2005</u>

Dated: April __, 2005

**SO ORDERED:**

_____
The Honorable Richard G. Stearns
United States District Court Judge

- 9 -

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DIOMED, INC.,

    Plaintiff,

v.

NEW STAR LASERS, INC.
d/b/a COOLTOUCH INC.

    Defendant.

Civil Action No. 04-12157 RGS

## **ACKNOWLEDGEMENT**

I, _____, declare as follows:

1. My present employer is _____.

2. My business address is _____.

3. My occupation is _____.

4. In the past 12 months, I have consulted and/or served as an expert for the following companies (attach additional sheets if necessary): _____.

5. I have reviewed a copy of the Protective Order in this action, and I understand and agree to be bound by its terms and provisions.

6. I will hold in confidence, will not disclose to anyone not qualified or cleared under the Protective Order, and will use only for approved purposes in this litigation, any "Confidential" or "Confidential – Attorneys' Eyes Only" information which is disclosed to me.

7. I will return all "Confidential" or "Confidential – Attorneys' Eyes Only" information which comes into my possession, and all documents or things which I prepare relating thereto, to outside litigation counsel for the party by whom I am employed or retained.

8.      I hereby submit myself to the jurisdiction of the United States District Court for the District of Massachusetts for the purpose of enforcement of the Protective Order in this litigation.

9.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: _____

_____