IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIOMED, INC., <br><br> Plaintiff, <br><br> v. <br><br> NEW STAR LASERS, INC. dba COOLTOUCH INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No.: 04-CV-12157-RGS <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT NEW STAR LASERS, INC.'S RESPONSE TO COURT'S ORDER RE POTENTIAL RECUSAL AND TO DIOMED'S RESPONSE**

This brief is submitted by defendant New Star Lasers, Inc. dba CoolTouch, Inc. in response to the Court's Order filed on May 22, 2006 (docket no. 17) and to Diomed, Inc.'s response filed in this action on June 5, 2006 (docket no. 18).

Diomed first argues in its response that it is premature for the Court to consider recusal as the deadline to designate experts has not yet occurred in this case. Diomed next argues that even if the Court considers the issue now, there is no reason for a recusal because Diomed has not designated Dr. Fan as it has not yet designated any of its experts.

The issue is not premature. Diomed's position ignores a key question raised by this situation: whether the possibility of *ex parte* communications between a Diomed expert (designated in another case) and the Court regarding matters that are relevant to this case is grounds for recusal. It is possible, and perhaps very likely, that Dr. Fan, in treating a patient would discuss Diomed's laser machine, its operation, and the procedure used in treatment. These matters are directly relevant to issues in this case. In fact, because the patent claims that New Star

Lasers is accused of infringing are method claims, one of the central issues in the case is how the laser machine is used in treating a patient. It is irrelevant that Diomed has not yet designated Dr. Fan in this case - the issue now exists.

Moreover, New Star Lasers submits that it is not premature to resolve this issue now because the interest of judicial economy would be best served by assigning the same judge to all of the cases. All of the cases involve the same plaintiff suing for infringement of the same patent on the same claims, and some of the same defenses are raised. While some aspects of the cases differ (in particular, claim construction in New Star Lasers' case will be different in part because New Star Lasers' laser machine operates at a different wavelength than the other laser machines and has a different mechanism of action), many issues are the same and the parties will rely on the same evidence. In addition, Diomed will be bound in this case by certain of its positions and by its evidence obtained in the Angiodynamics/Vascular Solutions case.

With respect to the issue of recusal, New Star Lasers refers to the points made in the brief filed by Angiodynamics, Inc. in its case (docket #145-1). Even though Diomed has not yet designated Dr. Fan in this case, New Star Lasers believes that Angiodynamics' points apply here. Regardless of whether Dr. Fan is designated in the New Star Lasers case, she has been designated in the Angiodynamics/Vascular Solutions case and will testify in that case about issues that are relevant to the New Star Lasers case.

Based on the above and on the arguments set forth in Angiodynamics' brief, New Star Lasers joins in Angiodynamics' request that the Court make a determination as to recusal or disqualification. At this time, New Star Lasers further states that it declines to waive a potential conflict of interest.

Respectfully submitted,

NEW STAR LASERS, INC.
dba COOLTOUCH INC.,

_/s/ David Himelfarb_

David Himelfarb (BBO #649596)
dhimelfarb@mccarter.com
McCarter & English, LLP
225 Franklin Street
Boston, MA   02110
(617) 345-7055

Audrey A. Millemann (Cal. Bar #124954)
*Admitted Pro Hac Vice*
amillemann@weintraub.com
weintraub genshlea chediak
a law corporation
400 Capitol Mall, 11th Floor
Sacramento, California   95814
(916) 558-6000

Dated: June 19, 2006

## CERTIFICATE OF SERVICE

I, David Himelfarb, counsel for Defendant New Star Lasers, Inc., d/b/a Cool Touch Inc., hereby certify that a copy of the foregoing Defendant New Star Lasers, Inc.'s Response to Court's Order re Potential Recusal and to Diomed's Response has been served on all counsel of record through the Court's CM/ECF Document Filing System and via First Class Mail on this 19th day of June, 2006.

_/s/ David Himelfarb_
David Himelfarb