IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIOMED, INC.,<br><br>  Plaintiff,<br><br>v.<br><br>NEW STAR LASERS, INC.<br>d/b/a COOLTOUCH INC.<br><br>  Defendant. | Civil Action No. 04-12157 NMG |

## JOINT STATEMENT OF COUNSEL REGARDING CASE STATUS

At a hearing in a related case on May 22, 2008, the Court requested that counsel for Plaintiff Diomed contact counsel for Defendant New Star Lasers so that the parties could jointly prepare a status update for submission to the Court within 30 days.

### Background and Case Status

This case was filed in October 2004 and assigned to Judge Stearns. In 2005 and early 2006 the parties took some written discovery and several depositions. In June 2006 Judge Stearns recused himself from the case, and the case was re-assigned to this Court.

Pursuant to a scheduling order entered by Judge Stearns on February 17, 2005: (1) discovery on claim construction issues and the holding of a Markman hearing in this case were deferred until after the Court rendered a claim construction decision in Diomed's cases against AngioDynamics and Vascular Solutions and after the parties conferred and filed a joint statement; and (2) the deadlines for discovery and dispositive motions in this case were not set, but were dependent on the Court's entry of a claim construction decision in this case. The Court entered a claim construction decision in Diomed's cases against AngioDynamics and Vascular Solutions in April 2005. For various reasons, the parties did not submit a joint statement and no further scheduling order has been entered in this case.

In March 2007 the companion cases were tried by this Court, resulting in a jury verdict in Diomed's favor against both AngioDynamics and Vascular Solutions.

**Next Steps**

Subsequent to the aforementioned trial of the companion cases, Diomed and New Star Lasers engaged in some additional discovery (including New Star Lasers providing updated financial information) in early 2008 and began discussing settlement of this action. In March 2008, Diomed declared bankruptcy under Chapter 11 of the United States Bankruptcy Code. Following Diomed's bankruptcy filing, the parties continued attempting to advance their settlement discussions. Since the Court's May 22 request for a status update, for example, the parties' counsel have completed an exchange of detailed case valuation memoranda. The parties intend to convene an in-person meeting between principals and counsel, and/or a mediation session before a private mediator, in the near future and are hopeful that such meeting will lead to settlement.

Should the parties' ongoing discussions not lead to settlement, the parties will jointly submit a proposed schedule to this Court, which will include dates for completing fact and expert discovery, Markman proceedings, dispositive motions, pretrial, and trial. Diomed expects to request that the Court set the case for trial at the earliest possible time. New Star Lasers expects to request a Markman hearing to construe certain claim terms that were not at issue in the prior cases and believes that the Markman decision will be case-dispositive.

- 3 -

Respectfully submitted,

| | |
|---|---|
| /s/ Michael N. Rader | /s/ Audrey A. Millemann |
| Michael A. Albert (BBO #558566) | Audrey A. Millemann (Cal. Bar #124954) |
| malbert@wolfgreenfield.com | *Admitted Pro Hac Vice* |
| Michael N. Rader, (BBO #646990) | amillemann@weintraub.com |
| mrader@wolfgreenfield.com | Weintraub Genshlea Chediak |
| WOLF, GREENFIELD & SACKS, P.C. | a law corporation |
| 600 Atlantic Avenue | 400 Capitol Mall, 11th Floor |
| Boston, MA 02210 | Sacramento, California 95814 |
| (617) 646-8000 | (916) 558-6000 |
| | |
| *COUNSEL FOR DIOMED, INC.* | *COUNSEL FOR NEW STAR LASERS, INC. d/b/a COOLTOUCH INC.* |

- 4 -

**CERTIFICATE OF SERVICE**

      I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF).  Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

                                                       /s/ Michael N. Rader
                                                     Michael N. Rader