UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
_____ x
                                        :
DIOMED, INC.,                           :
                                        :
                    Plaintiff,          :
                                        :  Civil Action No. 04-cv- 12157 (NMG)
v.                                      :
                                        :
NEW STAR LASERS, INC.                   :
d/b/a COOLTOUCH INC.,                   :
                                        :
                    Defendant.          :
_____ x
```

**MEMORANDUM OF LAW OF IN SUPPORT OF MOTIONS OF ENDOLASER
ASSOCIATES, L.L.C., TO INTERVENE AND TO DISMISS PLAINTIFF'S
COMPLAINT (1) FOR LACK OF SUBJECT MATTER JURISDICTION;
AND (2) FOR FAILURE TO STATE A CLAIM**

# **TABLE OF CONTENTS**

A. PRELIMINARY STATEMENT .................................................................................................. 1

B. STATEMENT OF THE CASE .................................................................................................... 2

C. ARGUMENT ................................................................................................................................ 5

    1.    Endolaser Is Entitled To Intervene As A Matter Of Right ........................................... 5

        *(a)*    *Endolaser Has a Substantial Interest in the Case* ........................................ 5

        *(b)*    *Endolaser's Interests May Be Impaired Absent Intervention* ................................. 6

        *(c)*    *Endolaser's Interests Are Not Adequately Represented By Existing Parties To This Action* ...................................................................................... 6

        *(d)*    *Endolaser's Motion to Intervene Is Timely* ............................................... 7

    2.    The Complaint Must Be Dismissed Because Endolaser, Co-Owner Of The Patent, Declines To Join In This Infringement Action ............................................... 8

D. CONCLUSION ............................................................................................................................ 12

Endolaser Associates, L.L.C. ("Endolaser"), respectfully submits this memorandum of law, pursuant to Federal Rules of Civil Procedure 24, 12 (b)(1) and 12 (b)(6), in support of Endolaser's motions to intervene in the above-captioned proceeding and to dismiss the complaint of Diomed, Inc. ("Diomed").

### A. **PRELIMINARY STATEMENT**

Plaintiff Diomed and Endolaser each own an undivided interest in U.S. Patent No. 6,398,777 (the "'777 Patent"), the infringement of which is the basis of this action against New Star Lasers, Inc. d/b/a CoolTouch Inc. ("CoolTouch").

Actions for patent infringement can be maintained only if all co-owners of the patent voluntarily join as plaintiffs in the lawsuit or authorize one to proceed on behalf of all. When Diomed commenced this lawsuit, it held an exclusive license from Endolaser under Endolaser's undivided interest in the '777 Patent, giving Diomed the right to exploit the '777 Patent and to sue infringers. But Diomed, currently operating under bankruptcy protection in the United States Bankruptcy Court for this district, rejected Endolaser's license agreement, effective June 18, 2008, thereby restoring to Endolaser its rights and thereby terminating Diomed's right to enforce the '777 Patent.

Endolaser has the right to intervene in this lawsuit because the outcome of this suit has the very real potential to affect the '777 Patent and all of its co-owners. Endolaser's interests in the '777 Patent are separate and distinct from Diomed's. Since June 18, 2008, Endolaser's interests have not been represented by Diomed and Endolaser declines to participate in this action. Under well-settled principles of patent law, a co-owner cannot maintain an infringement action without the accord and participation of all co-owners. Endolaser thus has the right to intervene and this suit should be dismissed.

### B.  STATEMENT OF THE CASE

Endolaser is the owner of an undivided interest in U.S. Patent No. 6,398,777 entitled "Endovascular Laser Device and Treatment of Varicose Veins."  Endolaser obtained its undivided interest by acquiring the rights and interests of all of the inventors named in the '777 Patent, except for one, Robert J. Min, M.D.  (Declaration of Gordon Z. Novod, August 22, 2008 ("Novod Decl."), ¶ 3).

In July 2003, Endolaser entered into a license agreement with Diomed, Inc. (the "License Agreement") granting Diomed an exclusive license to exploit and enforce the '777 Patent.  At the same time, Diomed purchased Dr. Min's undivided interest in the '777 Patent directly from Dr. Min.   (Novod Decl. ¶ 4).

The License Agreement granted Diomed the exclusive right "to make, have made, use, lease, sell, import and export Licensed Products, and to perform the Licensed Methods and practice the Technology . . . and, to grant sublicenses or rights to practice to do the same."  (License Agreement, attached as Ex. A to the Novod Decl., at ¶ 2.1).   The License Agreement also granted Diomed the exclusive right to commence and maintain infringement actions, allocating to Endolaser a share of damages recovered by Diomed from infringers: Endolaser was entitled to 25% of any lump sum payment received after deduction of Diomed's litigation costs.  (License Agreement ¶¶ 4.6 (b), (c), 5.7).

Diomed brought this action against CoolTouch on October 13, 2004, alleging that CoolTouch had infringed the '777 Patent and asserting Diomed's right to sue for infringement as owner of the interest obtained from Dr. Min and as Endolaser's exclusive licensee.   Diomed sought a permanent injunction and damages.  (Complaint and Demand for Jury Trial, October 13, 2004, attached as Ex. B to the Novod Decl.).

2

CoolTouch answered on December 3, 2004, denying the allegations, asserting that the '777 Patent was invalid, and setting forth a counterclaim seeking a declaratory judgments that it is not infringing the '777 Patent and that the '777 Patent is invalid. (CoolTouch's Answer to Complaint, Counterclaims for Declaratory Judgment and Demand for Jury Trial, December 3, 2004, attached as Ex. C. to the Novod Decl.).

On March 14, 2008, Diomed, together with Diomed Holdings, Inc. (collectively, the "Debtors"), filed voluntary petitions in the United States Bankruptcy Court for the District of Massachusetts for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate and manage their businesses as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.[1] (Novod Decl. ¶ 8).

On April 9, 2008, the Debtors sought the Bankruptcy Court's approval of the auction and sale of their business operations to AngioDynamics, Inc. ("AngioDynamics"). As proposed, the sale did not require AngioDynamics to assume the obligations of the License Agreement nor did the sale as proposed obligate Diomed to compensate Endolaser for Diomed's agreement to release AngioDynamics from liability for future infringement of the '777 Patent or for the release of a permanent injunction granted by this Court in *Diomed, Inc. v. AngioDynamics, Inc.*, Case No. 1:04-cv-10019. Endolaser objected to the proposed sale on the grounds that, *inter alia*, such a sale would contravene Section 365 of the Bankruptcy Code.

Subsequently, on June 1, 2008, the Debtors filed a motion in the Bankruptcy Court seeking authority to reject the License Agreement, pursuant to Section 365 of the Bankruptcy

---

[1] The United States Trustee for the District of Massachusetts appointed an Official Committee of Unsecured Creditors of Diomed, Inc. and Diomed Holdings, Inc. (the "Creditors' Committee") on March 28, 2009, and selected Endolaser, one of Diomed's largest unsecured creditors, to serve as a member of the Creditors' Committee.

Code. 11 U.S.C. §365 (a). (Debtors' Motion for Authority to Reject Endolaser License Agreement (the "Rejection Motion"), attached as Ex. D to the Novod Decl.).

The Bankruptcy Court granted the Rejection Motion by order entered June 3, 2008 (attached as Ex. F of the Novod Decl. (the "Rejection Order")). The rejection, effective immediately prior to consummation of the sale to AngioDynamics, which occurred on June 18, 2008, restored to Endolaser all of its rights and interests in the '777 Patent. Thus, Endolaser and Diomed now stand as co-owners of the '777 Patent, each possessing an undivided interest therein. Since June 18, 2008, Diomed has not had the right to maintain infringement actions based upon Endolaser's interest in the '777 Patent.

Diomed, however, has refused to abide by Endolaser's demand that this action, and two other infringement actions brought by Diomed, be discontinued, thus necessitating this motion. These two actions, both also pending in this Court are *Diomed, Inc. v. Dornier MedTech American, Inc.*, Case No. 1:07-cv-10612, and *Diomed v. Total Vein Solutions, LLC.*, Case No. 1:04-cv-10686.

Nor has Diomed disclosed to this Court, or the defendants in these actions, its rejection of the License Agreement. Most shockingly, Diomed withheld this vital information when, on June 10, 2008, it filed an amended complaint in *Total Vein Solutions*. Even though the Rejection Order had already been entered in the Bankruptcy Court, Diomed described itself as Endolaser's exclusive licensee and made no mention of the imminent rejection that would terminate that status. As stated above, the rejection became effective eight days later upon the sale of Diomed's business to AngioDynamics on June 18, 2008. (Amended Complaint and Demand for Jury Trial dated June 10, 2008, attached as Ex. F to the Novod Decl., at ¶ 22).

4

Since Diomed no longer has exclusive control over the '777 Patent and does not have the consent of Endolaser to continue this infringement action against Dornier, this Court should grant Endolaser's motions to intervene and to dismiss the complaint.

### C. ARGUMENT

**1.        Endolaser Is Entitled To Intervene As A Matter Of Right**

Endolaser has the right to intervene in the lawsuit pursuant to Rule 24(a) (2) of the Federal Rules. Rule 24(a) (2) provides that intervention as of right is permitted upon timely motion when the movant:

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless the existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a) (2).

The First Circuit has interpreted Rule 24(a) (2) to permit intervention as of right when an applicant: (1) has a significant and direct interest in the subject of the pending action; (2) shows that its ability to protect the interest may be impaired if it is not allowed to intervene; (3) demonstrates that the parties presently before the court do not adequately represent that interest; and (4) files a timely application for intervention.  *See, e.g., B. Fernandez & Hnos., Inc. v. Kellogg USA, Inc.*, 440 F.3d 541, 544-45 (1st Cir. 2006); *Public Serv. Co. of New Hampshire v. Patch*, 136 F.3d 197, 204 (1st Cir. 1999); *Int'l Paper Co. v. Inhabitants of Town of Jay, Me.*, 887 F.2d 338, 342 (1st Cir. 1989).   The individual elements are to "be read not discretely, but together." *Patch*, 136 F.3d at 204.

As demonstrated herein, Endolaser satisfies the fourfold test established by the First Circuit.

*(a)     Endolaser Has a Substantial Interest in the Case*

5

To satisfy the requirement of Rule 24(a)(2) of an interest in the property or transaction at issue in the lawsuit, a party must have "a significantly protectable interest." *Patch*, 136 F.3d at 205. Ownership is the most elementary type of interest protected by Rule 24(a). *Cascade Nat'l Gas Corp. v. El Paso Nat'l Gas Co.*, 386 U.S. 129, 133-34 (1967) (ownership interest protected). An interest in a patent satisfies the Rule 24(a)(2) requirement of an interest in the property at issue. *Amgen, Inc. v. F. Hoffman-LaRoche Ltd*, 456 F. Supp. 2d 267, 280-82 (D. Mass. 2006).

Endolaser is the owner of an undivided interest in '777 Patent, the subject of the captioned patent infringement suit. As such, Endolaser has sufficient interest in the property to satisfy the "significant interest" prong of Rule 24(a)(2).

    *(b)*    *Endolaser's Interests May Be Impaired Absent Intervention*

As the co-owner of an undivided interest in the '777 Patent, Endolaser has vital interests in the '777 Patent that may be severely prejudiced if Diomed continues this action. To give one example, CoolTouch has asserted a counterclaim seeking a judgment that the '777 Patent is invalid. If the CoolTouch affirmative attack were successful and given collateral estoppel effect, Endolaser's interest in the '777 Patent would be effectively destroyed. *Willingham v. Lawton*, 555 F.2d 1340, 1344 (6th Cir. 1977) (patent owner's interest in avoiding estoppel effect of judgment declaring patent invalid in owner's absence is valid interest to be protected).

    *(c)*    Endolaser's Interests Are Not Adequately Represented By *Existing Parties To This Action*

Precisely because co-owners have distinct interests, the law requires co-owners to join one another in bringing infringement suits. One co-owner cannot sue without the voluntary presence (or consent) of the other co-owners. (*See* pp. 9-13 below).

When Diomed commenced this action, it held an exclusive license from Endolaser, entitling Diomed to bring infringement actions to enforce the '777 Patent. Thus, Diomed had standing to commence and maintain this infringement action enforcing the '777 Patent. However, when Diomed rejected the License Agreement on June 18, 2008, the practical effect being the termination of the License Agreement, Diomed lost its right to use Endolaser's undivided interest in the '777 Patent to enforce the '777 Patent, and thus lost standing to continue this litigation. (*See* pp. 9-12 below).

Diomed has already clearly demonstrated, by its actions in its bankruptcy case, that it is incapable of representing Endolaser's interests. Moreover, Diomed has demonstrated that it has profound conflicts of interest with Endolaser. For example, as part of the sale to AngioDynamics, Diomed agreed to grant a license to practice the '777 Patent to AngioDynamics solely under Diomed's undivided interest in the '777 Patent, and, to unilaterally release this Court's permanent injunction preventing AngioDynamics from future infringement of the '777 Patent, in complete disregard of Diomed's duties and obligations to Endolaser under the License Agreement. In essence, Diomed decided to pocket all the proceeds of its bargain with AngioDynamics, without compensating Endolaser. Endolaser has sought compensation from Diomed in the Bankruptcy Court for this flagrant breach of Diomed's contractual and fiduciary duties to Endolaser. The application is presently under advisement.

Accordingly, Endolaser's interests cannot be represented by Diomed and Endolaser does not consent to such representation.

    (d)    *Endolaser's Motion to Intervene Is Timely*

The motion is timely. The First Circuit considers four factors in ruling on the timeliness of a motion to intervene: "(1) the length of time the applicant knew or reasonably should have known that its interest was imperiled before it moved to intervene; (2) the

7

foreseeable prejudice to existing parties if intervention is granted; (3) the foreseeable prejudice to the applicant if intervention is denied; and (4) idiocratic circumstances which, fairly viewed, militate for or against intervention." *Banco Popular de Puerto Rico v. Greenblatt*, 964 F.2d 1227, 1231 (1st Cir. 1992).

Until Diomed rejected the License Agreement, Endolaser had no right to intervene since Endolaser had granted Diomed the right to enforce the '777 Patent under the License Agreement. Only after Diomed's rejection of the License Agreement, effective June 18, 2008, and after repeated requests that Diomed cease its proceedings against CoolTouch, does Endolaser now seek to intervene. Under the facts of this case, Endolaser's motion is timely made. *See Public Citizen v. Liggett Group, Inc.* 858 F.2d 775, 785 (1st Cir. 1988) (motion three months after intervenor became aware its interests were no longer represented was timely).

Because Endolaser has an ownership interest at stake in this litigation that may be impaired if it does not intervene, because its interest is not represented by Diomed, and because the application for intervention is timely, Endolaser's motion to intervene for the purpose of moving to dismiss the complaint should be granted as of right.

**2.    The Complaint Must Be Dismissed Because Endolaser, Co-Owner Of The Patent, Declines To Join In This Infringement Action**

Endolaser is a co-owner of the '777 Patent. Diomed now stands before this court with no authority to use Endolaser's undivided interest in the '777 Patent in this infringement action. When the License Agreement was in full force and effect, Diomed had Endolaser's consent to use Endolaser's undivided interest in the '777 Patent for infringement actions. Now, having rejected the License Agreement, and given Endolaser's unwillingness to join as co-plaintiff, Diomed lacks standing to continue this lawsuit.

8

It is black letter law that all co-owners of a patent must voluntarily join as plaintiffs to maintain an infringement action. *See, e.g., Waterman v. Mackenzie*, 138 U.S. 252, 255 (1891) (exclusive licensee lacks standing in the absence of co-owners); *International Nutrition Co. v. Horphag Research Ltd.*, 257 F.3d 1324, 1331 (Fed. Cir. 2001) (patent law requires all co-owners to join as plaintiffs in infringement suits); *Ethicon, Inc. v. United States Surgical Corp.*, 135 F.3d 1456, 1467 (Fed. Cir. 1998) ("An action for infringement must join as plaintiffs all co-owners."); *Schering Corp. v. Roussel-UCLAS SA*, 104 F.3d 341, 344 (Fed. Cir. 1997) (absent agreement to contrary, co-owner may not sue for infringement if its co-owner declines to join suit); *Willingham*, 555 F.2d at 1343), (all co-owners must be joined before an infringement suit can be initiated); *Eickmeyer v. United States*, 231 USPQ 820, 821-22 (Cl. Ct. 1986) ("one co-owner cannot sue independently for infringement or compel other co-owners to join"). "The traditional rule is that all co-owners of a patent must join in bringing a suit for infringement." 8 Donald S. Chisum, Chisum on Patents § 21.03[3][d] (2002)).

The Sixth Circuit has explained that the rule protects Congress's intent embodied in Section 262 of the Patent Act. *Willingham*, 555 F.2d at 1344. That section, 35 U.S.C. § 262, provides,

> In the absence of any agreement to the contrary, each of the joint owners of a patent may make, use, offer to sell, or sell the patented invention within the United States, or import the patented invention into the United States, without the consent of and without accounting to the other owners.

The court in Willingham observed that under Section 262 of the Patent Act, "[c]o-owners of a patent have interests which are essentially distinct and separate." *Id.* In that context, the court identified three significant interests protected by the rule requiring all co-owners to join in a patent infringement suit: "(1) the interest of a co-owner in being able to license third parties

9

under his or her patent without harassing suits by other co-owners; (2) the interest of a co-owner in avoiding the estoppel effect of a judgment declaring the patent invalid in which he or she did not participate; and (3) the interest of a defendant in avoiding multiple suits concerning infringement of the same patent." *Id*. Without the rule, one owner effectively would be able to preclude other owners from exercising their rights to license the patent by bringing infringement actions against their co-owners' licensees. *Id.* Likewise, as is threatened directly by the posture of this action, one owner might be faced with the estoppel effect of an adverse judgment against another.

Endolaser's objection to Diomed's continued use of Endolaser's undivided interest in the '777 Patent for all purposes, including this litigation, is, thus, fatal to Diomed's standing. "[O]ne co-owner has the right to impede the other co-owner's ability to sue infringers by refusing to voluntarily join in such a suit." *Schering Corp*., 104 F 3d at 345.

The decision in *Ethicon* is instructive on this issue. In *Ethicon*, the Court of Appeals for the Federal Circuit dismissed an infringement suit brought by a patent owner and his exclusive licensee, Ethicon, Inc., because a previously omitted inventor who gained status as a co-owner *after the infringement took place and three years after the suit was launched* refused to join the suit. The late-arriving co-owner had issued an exclusive license to the infringing defendant. The Federal Circuit held that even though the new co-owner's license did not operate retroactively to the time of the infringement, dismissal of the suit was mandatory. *Ethicon*, 135 at 1468. Echoing the Sixth Circuit's opinion in *Willingham*, the Federal Circuit explained that the rule requiring the presence of co-owners in infringement actions is necessary to preserve the freedom co-owners have to exploit a patent granted by Congress in Section 262 of the Patent Act. *Id*.

The fact that Diomed originally had standing to commence and maintain this action by reason of Endolaser's License Agreement does not give Diomed the right to continue this litigation after the termination of the License Agreement. Standing is necessary at all times during a lawsuit, not just at its commencement. The "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotation marks omitted); *see also Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (case-or-controversy requirement must be satisfied "at all stages of review, not merely at the time the complaint is filed.")

In *Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, a patentee who was a plaintiff in an infringement suit, assigned its patent to a subsidiary during the pendency of the lawsuit. The Court of Appeals for the Federal Circuit stated that Schreiber lost its standing to sue and the case became moot when Schreiber transferred its patent because "there was no question that Schreiber lost its 'personal stake in the outcome.'" *Schreiber*, 402 F.3d 1198, 1202 (Fed. Cir. 2005). The court did not dismiss the suit but only because the plaintiff reacquired its patent before the entry of judgment. *Id.* at 1204. Here, Diomed lost its standing by rejecting the License Agreement and terminating its rights under the License Agreement.

Even Diomed's bankruptcy counsel, Mark Freedlander, acknowledged during the June 2, 2008, sale hearing before the Bankruptcy Court that Endolaser's participation would be necessary to bring a patent infringement action if the License Agreement were rejected.

> Well, Your Honor, I guess the point I would make to you is that when you have this exclusive right, as I understand it there are certain benefits to Diomed by virtue of having this, which won't exist in the event of rejection. So by way of example, as I understand it, no other party would really have the ability to bring an enforcement action unless they join the other piece as an

11

    indispensable party.  So today, Diomed alone is the only party that could bring.

(June 2, 2008, Hearing Transcript, 13:7-11, attached as Ex. E to the Novod Decl.)

The quoted statement clearly reveals that Diomed knew that it would not be able to continue this suit against CoolTouch if it rejected the License Agreement, as it now has.

### D. <u>CONCLUSION</u>

For the reasons stated above, the Court is respectfully requested to grant (i) Endolaser's motion to intervene and (ii) Endolaser's motion to dismiss the complaint.

    Respectfully Submitted,

    */s/ Charles A. Dale III*
    Charles A. Dale III, BBO #558839
    Mackenzie L. Shea, BBO #666241
    K&L GATES LLP
    State Street Financial Center
    One Lincoln Street
    Boston, MA 02111-2950
    Telephone: 617.261.3100
    Facsimile: 617.261.3175
    Email: chad.dale@klgates.com
    mackenzie.shea@klgates.com

    -and-

    Gordon Z. Novod, Esq.
    *(pro hac vice admission pending)*
    Kramer Levin Naftalis & Frankel LLP
    1177 Avenue of the Americas
    New York, New York 10036
    Telephone: 212-715-7753

    ATTORNEYS FOR ENDOLASER
    ASSOCIATES, L.L.C.

Dated: August 22, 2008