UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

———————————————————————— x
DIOMED, INC.,
:
:
            Plaintiff,
:
:  Civil Action No. 04-cv-12157 (NMG)
v.
:
:
NEW STAR LASERS, INC.,
:
d/b/a COOLTOUCH INC.,
:
:
            Defendant.
———————————————————————— x

**DECLARATION OF GORDON Z. NOVOD IN SUPPORT OF MOTIONS OF
ENDOLASER ASSOCIATES, L.LC., TO INTERVENE AND TO DISMISS
PLAINTIFF'S COMPLAINT (1) FOR LACK OF SUBJECT MATTER JURISDICTION;
AND (2) FOR FAILURE TO STATE A CLAIM**

I, Gordon Z. Novod, hereby declare, under penalty of perjury, that the following is true to the best of my knowledge, information, and belief:

1. I am a lawyer at the law firm of Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York, and I am fully familiar with the facts and circumstances herein as a result of my representation of Endolaser Associates, L.L.C. ("Endolaser"), in the pending bankruptcy cases in the Bankruptcy Court of this district commenced by plaintiff Diomed, Inc. ("Diomed"), and its parent, Diomed Holdings, Inc.

2. I submit this Declaration to put before the Court facts and documents relevant to Endolaser's motions to intervene in this action and to dismiss the complaint.

3. Endolaser is the owner of an undivided part interest in U.S. Patent No. 6,398,777 (the "'777 Patent") entitled "Endovascular Laser Device and Treatment of Varicose Veins," which Endolaser obtained by acquiring the rights and interests of all of the inventors named in the '777 Patent, except for one, Robert J. Min, M.D.

    4.  Diomed purchased Dr. Min's undivided interest in the '777 Patent directly from Dr. Min, on July 23, 2003, and, at roughly the same time, entered into a License Agreement with Endolaser for an exclusive license to exploit Endolaser's undivided interest in the '777 Patent. The License Agreement, dated July 11, 2003 (the "License Agreement"), is attached herein as Exhibit A.

    5.  The License Agreement granted Diomed the exclusive right "to make, have made, use, lease, sell, import and export Licensed Products," (License Agreement § 2.1), and the exclusive right to bring infringement actions (License Agreement § 4.6 (b)). It also allocated to Endolaser a share of damages recovered by Diomed from infringers. (License Agreement § 4.6 (c)).

    6.  Diomed brought this infringement action against New Star Lasers, Inc. d/b/a CoolTouch Inc. ("CoolTouch") on October 13, 2004, seeking a permanent injunction and damages. The Complaint and Demand for Jury Trial, dated October 13, 2004, is attached herein as Exhibit B.

    7.  CoolTouch answered on December 3, 2004, denying the allegations, asserting that the '777 Patent was invalid, and setting forth counterclaims seeking declaratory judgments that it is not infringing on the '777 Patent and that the '777 Patent is invalid. CoolTouch's Answer to Complaint, Counterclaims for Declaratory Judgment and Demand for Jury Trial, dated December 3, 2004, is attached herein as Exhibit C.

    8.  On March 14, 2008, Diomed, together with Diomed Holdings, Inc. (collectively, the "Debtors"), filed voluntary petitions in the United States Bankruptcy Court for the District of Massachusetts for relief under Chapter 11 of the United States Bankruptcy Code.

The Debtors continued to operate and manage their businesses as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

9. On April 9, 2008, the Debtors sought approval from the Bankruptcy Court for the sale of its business operations to AngioDynamics, Inc. ("AngioDynamics"). As initially proposed, the sale did not require either AngioDynamics to assume the obligations of the License Agreement or Diomed to compensate Endolaser for transferring use of Endolaser's undivided interest in the '777 Patent.

10. Endolaser objected to the sale on the grounds that such a sale would contravene Section 365 of the Bankruptcy Code. Subsequently, on June 1, 2008, the Debtors filed a motion in the Bankruptcy Court seeking authority to reject the License Agreement, pursuant to Section 365 of the Bankruptcy Code. 11 U.S.C. 365 (a). Debtors' Motion for Authority to Reject Endolaser License Agreement is attached herein as Exhibit D.

11. On June 2, 2008, the Bankruptcy Court held a hearing on the proposed sale. Transcript of Telephonic Hearing dated June 2, 2008, attached herein as Exhibit E.[1]

12. On June 3, 2008, the Bankruptcy Court entered an order (the "Rejection Order") granting the rejection motion. The Rejection Order is attached herein as Exhibit F. As set forth in the Rejection Order, rejection would become effective immediately prior to consummation of the sale to AngioDynamics. The sale to AngioDynamics was consummated on June 18, 2008, restoring to Endolaser all of its rights and interests in the '777 Patent effective June 18, 2008. An email from Mark E. Freedlander to Gordon Z. Novod dated June 18, 2008, confirming rejection of the License Agreement is attached herein as Exhibit G.

---

[1] Although the transcript is referenced as being of a telephonic hearing, only one interested party appeared by telephone and all other parties were present in the courtroom, including counsel to Diomed and Endolaser.

13. On June 10, 2008, Diomed filed an amended complaint in *Diomed, Inc. v. Total Vein Solutions, LLC*, Case No. 1:04-cv-10686, a '777 Patent infringement action pending in this Court. Even though the Rejection Order had already been entered and rejection was imminent, upon information and beliefs, Diomed failed to call Total Vein Solutions' or the Court's attention to Diomed's rejection of the License Agreement. Instead, Diomed portrayed itself as owner of all the interests that formerly belonged to Dr. Min in the '777 Patent and Endolaser's exclusive licensee. Diomed's Amended Complaint and Demand for Jury Trial dated June 10, 2008 is attached herein as Exhibit H, at ¶ 22.

14. Endolaser has requested that Diomed discontinue this action voluntarily.

15. For reasons stated in Endolaser's accompanying Memorandum of Law, this action should be dismissed because Endolaser, co-owner of the patent allegedly infringed, declines to join as a plaintiff and objects to Diomed's continued prosecution of this action.

Dated: August 22, 2008

/s/ Gordon Z. Novod
Gordon Z. Novod