# EXHIBIT F

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
(WESTERN DIVISION)

| | |
|---|---|
| IN RE:<br><br>DIOMED, INC., *et. al.*,<br><br>                Debtors. | Chapter 11<br><br>Case No. 08-40749 (JBR)<br>(Jointly Administered) |

### ORDER GRANTING DEBTORS AUTHORITY TO REJECT ENDOLASER LICENSE AGREEMENT PURSUANT TO SECTION 365(a) OF THE BANKRUPTCY CODE

Upon the Motion[1] of Diomed Holdings, Inc. ("Holdings") and Diomed, Inc. ("Inc.", collectively with Holdings, the "Debtors'), pursuant to 11 U.S.C. § 365(a), for entry of an Order authorizing the Debtors to reject the Endolaser License Agreement, the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the relief requested in the Motion being in the best interests of the Debtors and their estates and creditors; and the Court having reviewed the Motion and having heard the statements in support of the relief requested in the Motion at a hearing before the Court (the "Hearing); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein, it is hereby ORDERED:

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Debtors' Motion for Authority to Reject Endolaser License Agreement pursuant to Section 365(a) of the Bankruptcy Code.

1. Pursuant to section 365(a) of the Bankruptcy Code, the Debtors are authorized to reject the License Agreement in conjunction with the entry of an order approving the sale transaction to Angio, and such rejection is hereby approved;

2. Rejection of the License Agreement shall be effective immediately prior to consummation of the approved sale of assets to AngioDynamics, Inc. (the "Closing");

3. The automatic stay shall be terminated upon rejection to permit Endolaser to take any action it deems necessary to protect its interests in the intellectual property covered by the License Agreement, <u>provided, however,</u> following the Closing:

   (i) Endolaser will not oppose any effort by the debtors and Angio to obtain a dissolution of the permanent injunction entered against Angio by the United States District Court for the District of Massachusetts;

   (ii) Endolaser will acknowledge and respect the license of rights obtained by Angio under section 3.2(k), as amended, of the Asset Purchase Agreement approved by the Bankruptcy Court; and

   (iii) Endolaser will assert its monetary claims against the Debtors under the License Agreement in the Bankruptcy Court.

4. Nothing contained herein shall affect the claims that may be asserted by Endolaser against the Debtors, including a contract rejection claim and claims for administrative priority expense under section 503(b) of the Bankruptcy Code. All defenses of the Debtor are likewise preserved.

5.  The Debtors and Endolaser shall cooperate and take all actions reasonably necessary to re-vest in, and return, Endolaser's undivided interest in the "777Patent."

Dated: June 3, 2008

BY THE COURT:

_____
United States Bankruptcy Judge