UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-CV-10019-RGS

DIOMED, INC.,
Plaintiff

v.

ANGIODYNAMICS, INC.,
Defendant
and
Plaintiff-in-Counterclaim

v.

DIOMED, INC. and ENDOLASER ASSOCIATES, LLC.,
Defendants-in-Counterclaim

MEMORANDUM AND ORDER ON
ENDOLASER'S MOTION TO DISMISS THE COUNTERCLAIMS AND
ANGIODYNAMIC'S MOTION TO AMEND THE COUNTERCLAIMS

November 12, 2004

STEARNS, D.J.

On January 6, 2004, Diomed, Inc., a developer of "minimally invasive endovascular laser treatment" technology for varicose veins, sued Angiodynamics, Inc., alleging that its ELVS Procedure Kit infringes Diomed's rights under U.S. Patent No. 6,398,777 (the '777 patent). On March 1, 2004, Angiodynamics filed an Answer and a counterclaim against the defendants-in-counterclaim, Diomed and Endolaser Associates, LLC. (Endolaser), seeking a declaration of non-infringement and patent invalidity. Angiodynamics also filed a motion to join Endolaser as a necessary party, a motion which the court provisionally

1

granted on March 8, 2004.[1]  On May 17, 2004, Endolaser filed a motion to dismiss itself

from the counterclaim, arguing that it had been improperly named as a defendant.  On

June 1, 2004, Angiodynamics moved to amend the counterclaim to assert claims against

Diomed and Endolaser for patent misuse, patent enforceability, Sherman Anti-Trust Act

violations, and unfair competition (M.G.L. c. 93A).  On November 1, 2004, the court heard

oral argument on the competing motions.

The parties do not disagree as to the applicable law.  An exclusive licensee who is

granted "all substantial rights" in a patent is a "successor in title" authorized to sue on the

patent in its own name. Vaupel Textilmaschinen KG v. Meccanica Euro Italia S.p.A., 944

F.2d 870, 875-876 (Fed. Cir. 1991); State Contracting & Eng'g Corp. v. Condotte Am., Inc.,

346 F.3d 1057, 1063 (Fed. Cir. 2003).  Conversely, a nominal patent holder is not a

necessary or indispensable party under Fed. R. Civ. P. 19, and is therefore outside the

declaratory judgment jurisdiction of the court.  Pharmachemie B.V. v. Pharmacia S.p.A.,

934 F. Supp. 484, 489 (D. Mass. 1996) (no declaratory judgment jurisdiction existed over

a nominal patent owner who "held little more than the bare title to those patents . . . as all

rights under each of the patents were exclusively licensed to [a third party], including the

right to control litigation pertaining to the patents.").  Cf. Northern Telecom, Inc. v. Wang

Laboratories, Inc., 543 F. Supp. 1026, 1028 (D. Mass. 1982) (dismissing accused

infringer's declaratory judgment counterclaim against the parent company of a patent

---

[1]Endolaser is a legal entity created by all but one of the authors of the '777 patent. Endolaser owns the '777 patent.  On July 11, 2001, Endolaser assigned its rights in the '777 patent to Diomed.  The remaining inventor, Robert Min, assigned his rights in the '777 patent to Diomed in his personal capacity.

2

owner that had assigned its rights to the patent-in-suit).

Angiodynamics argues that Endolaser is not a nominal patent holder because, despite the assignment, it retained significant rights in the patent.  In "determining whether a grant of *all* substantial rights was intended," Vaupel counsels a reviewing court "to look at what rights have been retained by the grantor." Id., 944 F.2d at 875.  Hence, we examine the Licensing Agreement between Endolaser and Diomed.  (1) The preamble to the Agreement states that its purpose is to permit Diomed to "secure all remaining rights in [the '777 patent];" (2) Section 2.1 of the Agreement grants Diomed the "exclusive right" to practice the invention and unbridled authority to grant sublicenses; (3) Section 4.6(b) grants Diomed the exclusive right to sue for infringement.

Angiodynamics argues that Endolaser nonetheless retained "substantial" rights in the patent because the Agreement allows it to practice the invention using "disposable technology."  The argument is tortured (to say the least), but rests on the use of the term "disposable accessories" in Section 1.5 of the Agreement.  According to Angiodynamics: (1) Diomed's right to practice is limited to Licensed Products; (2) Licensed Products are defined in Sections 1.13 and 1.14 as EVLT Kits; (3) an EVLT Kit is defined in Sections 1.6 and 1.5 as "a package of two or more disposable accessories for use in endovenous laser treatment;" (4) therefore, Endolaser retained the right to practice the invention using accessories that are non-disposable.  To the extent that one follows this convoluted path, it skirts the broad concessionary language of the Agreement's preamble and Section 2.1's

unrestricted grant of exclusive practice rights to Diomed.[2]  Because the Licensing Agreement transfers all of Endolaser's substantial rights in the patent to Diomed, Endolaser's motion to dismiss will be <u>ALLOWED</u> as to the invalidity and non-infringement claims.

Insofar as Angiodynamic's motion to amend is concerned, the court (as it indicated at the hearing) is dubious as to the factual underpinnings of the anti-trust and Chapter 93A claims.  Recognizing, however, that the litigation is still in its infancy, the court will <u>ALLOW</u> the motion to amend to permit these claims to be tested on summary judgment.[3]  The court will further bifurcate the case in order to rule on the infringement and patent invalidity claims before authorizing discovery on the anti-trust and Chapter 93A claims (if such discovery proves to be warranted).

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE

---

[2]Similarly, Angiodynamics' argument that Endolaser retained substantial rights in the patent because it has the rights to terminate the Agreement in the case of bankruptcy, to bring a lawsuit if Diomed does not, and to enforce the patent if Diomed fails to make reasonable efforts to do so, are conditional rights that <u>Vaupel</u> and its progeny specifically deem to be non-substantial.

[3]The court, however, agrees with defendants that patent misuse should have been plead as an affirmative defense and that the phrase "including without limitation" should be struck from the inequitable conduct claim.  As to the latter point, I do not understand Angiodynamics to disagree.